UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

EMOSHIA L. DUNCAN                                          Plaintiff

v.                                          Civil Action No. 3:19-CV-P890-RGJ

PETER EMBREE, *et al.*                                  Defendants

* * * * *

**MEMORANDUM OPINION AND ORDER**

This is a civil-rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Emoshia L. Duncan leave to proceed *in forma pauperis*. Plaintiff has filed a motion for leave to file an amended complaint (DN 7). **IT IS HEREBY ORDERED** that this motion (DN 7) is **GRANTED**. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. Upon review of the complaint and amended complaint, the Court will dismiss some claims but allow others to proceed.

**I. SUMMARY OF COMPLAINT AND AMENDED COMPLAINT**

Plaintiff is incarcerated at the Luther Luckett Correctional Complex (LLCC). He names the following LLCC officials as Defendants in this action - Lieutenant Peter Embree, Lieutenant Jonathon Kimbrell, and Grievance Coordinator Dagon Moon. He sues these Defendants in both their official and individual capacities.

Plaintiff first alleges that Defendant Embree violated his rights on December 7, 2018, when Plaintiff began suffering from severe chest pains and gasping for air. Plaintiff alleges that he begged Defendant Embree to get him a nurse but that Defendant Embree refused and told Plaintiff that he did not care whether "[Plaintiff] died or not because he knew [Plaintiff] was faking and he was not going to call the nurse." Plaintiff alleges that he subsequently complained to a nurse during pill call about his chest pains and that he was then taken to the emergency room

of a local hospital. At the hospital, Plaintiff alleges that he was informed that he needed gall bladder extraction surgery immediately.

Plaintiff next alleges that on December 16, 2018, he had "a reaction of some sort due to an infection from having gall bladder extraction surgery []." Plaintiff alleges that he was "shaking and trembling having a seizure" and that several inmates tried to assist him. He states that Defendant Kimbrell sprayed "O.C. spray" on every inmate including Plaintiff. Plaintiff alleges that Defendant Kimbrell also kicked him in the face while he was on the ground. Plaintiff claims that Defendant Kimbrell violated his constitutional rights on this date by using excessive force against him.

Plaintiff next alleges that on December 18, 2018, he filed a grievance against Defendant Kimbrell regarding this incident. Plaintiff alleges that Defendant Moon retaliated against him for filing this grievance by filing disciplinary report(s) against him.[1] He also alleges that Defendant Moon fraudulently interfered in the grievance process.

Plaintiff seeks damages as well as injunctive relief.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. *See also McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); and *McGore v.*

---

[1] In a separately filed motion for a preliminary injunction, Plaintiff seems to allege that, as a result of these disciplinary reports, he has been placed in segregation (DN 9).

*Wrigglesworth*, 114 F.3d at 604. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v.*

*Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Official-Capacity Claims

As stated above, Plaintiff has sued Defendants in both their official and individual capacities. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Because Defendants are employees of the Commonwealth of Kentucky, the claims brought against them in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, to the extent that Plaintiff seeks money damages from Defendants in their official capacities, he fails to state a cognizable claim under § 1983. Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against Defendants in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Thus, the Court will dismiss Plaintiff's official-capacity claims against Defendants for damages for failure to state a claim upon which relief may be granted and for seeking monetary damages from Defendants immune from such relief.

The Court will, however, allow Plaintiff's official-capacity claims to proceed for injunctive relief.

4

### B. Individual-Capacity Claims

#### 1. Eighth Amendment

Plaintiff first claims that Defendants violated his rights under the Eighth Amendment. <u>Based upon his allegations, the Court will allow an Eighth Amendment claim for deliberate indifference to a serious medical need to proceed against Defendant Embree and an Eighth Amendment claim for excessive force to proceed against Defendant Kimbrell.</u>  The Court can discern no Eighth Amendment claim against Defendant Moon.

#### 2. First Amendment

Plaintiff claims that Defendant Moon retaliated against him for filing grievances by filing disciplinary report(s) against him.  Based upon this allegation, <u>the Court will allow a First Amendment retaliation claim to proceed against Defendant Moon</u>.

#### 3. Fourteenth Amendment

Plaintiff also claims that Defendants Embree and Kimbrell violated his right to "equal protection" under the Fourteenth Amendment.  "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  To prove a violation of the Equal Protection Clause, a plaintiff must allege an invidious discriminatory purpose or intent. *Washington v. Davis*, 426 U.S. 229, 239-45 (1976); *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 271-74 (1979).  "'Discriminatory purpose' . . . implies that the decisionmaker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Pers. Adm'r of Mass.*, 442 U.S. at 279.  Because Plaintiff does not allege any discriminatory purpose or intent

5

on the part of Defendant Embree or Kimbrell, the Court will dismiss Plaintiff's Fourteenth Amendment "equal protection" claims against them for failure to state a claim upon which relief may be granted.

Plaintiff also claims that Defendant Moon violated his rights under the Fourteenth Amendment by fraudulently interfering with the grievance process. However, the courts repeatedly have held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy*, 30 F. App'x 568, 569-70 (6th Cir. 2002). Thus, any claim against Defendant Moon based upon the violation of Plaintiff's due process rights with regard to the grievance process will also be dismissed for failure to state a claim upon which relief may be granted.

Finally, Plaintiff seems to claim, in a separately filed motion for a preliminary injunction, that Defendants violated his rights to due process when he was placed in segregation as a result of the alleged retaliatory disciplinary charges that were brought against him. *In Sandin v. Conner*, the Supreme Court held that the Fourteenth Amendment confers on prisoners only a "limited" liberty interest "to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or which "will inevitably affect the duration of his sentence." 515 U.S. 472, 484, 487 (1995); *see also Williams v. Wilkinson*, 51 F. App'x 553, 556 (6th Cir. 2002); *Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998). Generally, courts consider the nature and duration of a stay in segregation to determine whether it imposes an "atypical and significant hardship." *Harden-Bey v. Rutter*, 524 F.3d 789, 794 (6th. Cir. 2008). Confinement is considered atypical and significant only in "extreme

circumstances." *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010); *see, e.g.*, *Harris v. Caruso*, 465 F. App'x 481, 484 (6th Cir. 2012) (holding that the prisoner's 8-year confinement in segregation was of "atypical duration" and thus "created a liberty interest that triggered his right to due process"); *cf Wilkinson v. Austin*, 545 U.S. 209, 223-24 (2005) (ruling that an inmate's transfer to Ohio's "supermax" prison "imposes an atypical and significant hardship" given the combination of extreme isolation of inmates, prohibition of almost all human contact, indefinite duration of assignment, and disqualification for parole consideration of otherwise eligible inmates).

Here, Plaintiff has failed to allege any facts showing that his confinement in segregation constitutes an atypical and significant hardship. Therefore, the Court will dismiss any claim regarding the violation of Plaintiff's due process rights under the Fourteenth Amendment that allegedly occurred when he was placed in segregation.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's official-capacity claims for damages are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and pursuant to 28 U.S.C. § 1915A(b)(2) for seeking monetary relief from Defendants immune from such relief.

**IT IS FURTHER ORDERED** that the individual-capacity claims against Defendant Moon for a violation of Plaintiff's Eighth Amendment rights and against all Defendants for the violation of Plaintiff's Fourteenth Amendment rights are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court will enter a Service and Scheduling Order to govern the development of the claims it has allowed to proceed. In allowing these claims to proceed, the Court passes no judgment upon their merit or upon the ultimate outcome of this action.

Date: February 25, 2020

Rebecca Grady Jennings, District Judge
United States District Court

cc: Plaintiff, *pro se*
      Defendants
      General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
A961.011