UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

EMOSHIA L. DUNCAN     Plaintiff

v.     Civil Action No. 3:19-CV-P890-RGJ

PETER EMBREE, *et al.*     Defendants

\* \* \* \* \*

## **MEMORANDUM AND ORDER**

This matter is before the Court upon a motion for leave to supplement the complaint filed by *pro se* Plaintiff Emoshia L. Duncan in this prisoner civil-rights action (DN 18).

In his motion, Plaintiff alleges that he has been placed in the restrictive housing unit at Luther Luckett Correctional Complex (LLCC) and that he is being denied the legal supplies and materials he needs to prosecute this action. He specifically alleges that non-defendant LLCC officials are using "illegal methods to delay and hinder the plaintiff's process to be able to communicate with the courts." Plaintiff seems to allege that he has been denied a reasonably adequate supply of "papers, pens, copies, . . . and 8½ x 11 legal envelopes." He argues that these restrictions prevent him from preparing and filing legal documents in this action, in violation of his rights under the First Amendment.

Federal Rule of Civil Procedure 15(d) provides that a court may permit a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." A motion for leave to supplement a complaint should be denied when it would be futile to raise the claims the plaintiff seeks to bring in his supplemental pleading. *See Foman v. Davis*, 371 U.S. 178 (1962) (holding that leave to amend under Rule 15(a) may be denied if amendment would be futile); *see also City of Moundridge v. Exxon Mobil Corp.*, 471 F.

Supp. 2d 20, 29-30 (D.D.C. 2007) (noting that futility limitation applies to motions to supplement under Rule 15(d)).

To state a claim for denial of access to the courts under the First Amendment, a plaintiff must allege particular actions of the defendants prevented him from pursuing or caused the rejection of a specific non-frivolous direct appeal, habeas corpus petition, or civil rights action. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The right of access to the courts is directly related to an underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). A plaintiff must therefore "plead and prove prejudice stemming from the asserted violation." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). In order words, he must demonstrate "actual injury" by showing that his underlying claim was non-frivolous, and that it was frustrated or impeded by the defendants. *Lewis*, 518 U.S. at 353. "It follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the Complaint . . . ." *Christopher*, 536 U.S. at 415.

Here, Plaintiff fails to allege any litigation-related detriment he has suffered as a result of his alleged restricted access to legal supplies. For example, Plaintiff has not shown that he was prevented from filing any specific motions, that his ability to present a meritorious claim has been impeded, or that his case has been compromised in any way. Indeed, despite Plaintiff's claim that the alleged restrictions on legal supplies have hindered his ability to communicate with Court, his motion is 15-pages long, and a separate motion filed on the same day is 12-pages long with 21 attachments. Thus, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted.

As such, **IT IS HEREBY ORDERED** that Plaintiff's motion for leave to supplement the complaint (DN 18) is **DENIED** as futile.

Date:

cc:     Plaintiff, *pro se*
        Counsel of Record
A961.011